IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW JARAMILLO,

    Plaintiff,

    vs.                        No. CIV 04-0153 LH/WDS

BENEDICT CHAVEZ, TOM KRATOCHVIL,
BOBBY MARTINEZ, and THE NEW
MEXICO STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment (Docket No. 14). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motion is **well taken** and should be **granted**, resulting in dismissal of the case.

I. Background

The Plaintiff was employed by the Defendant State Highway and Transportation Department. He alleged that he was discriminated against on the basis of his ethnicity, and filed a complaint with the Human Rights Division of the State of New Mexico's Department of Labor. The Human Rights Division issued an Order of Non-Determination. The Plaintiff appealed to the state district court pursuant to the New Mexico Human Rights Act, N.M. Stat. Ann. 28-1-13. The Defendants then removed the case to this Court. Because this Court would have had original subject matter jurisdiction over at least the first count in the Plaintiff's complaint pursuant to 28 U.S.C. § 1331, the complaint is removable to this Court. 28 U.S.C. § 1441(b). The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(a).

The Plaintiff's complaint is the epitome of notice pleading. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). However, his response to the Defendants' motion for summary judgment, construed generously, establishes that he is pursuing claims for discriminatory failure to promote, retaliation, hostile work environment, and disparate discipline. The Defendants have moved for summary judgment on each of the Plaintiff's claims.

## II.  Legal Standard

"Summary judgment is proper only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Quaker State Minit-Lube v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995), *quoting* FED. R. CIV. P. 56(c). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

"A memorandum in opposition to the motion [for summary judgment] must contain a concise statement of the material facts as to which the party contends a genuine issue *does* exist. Each fact *in dispute* must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed. *All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.*" D.N.M. LR-Civ. 56-1(b) (1999) (emphasis added).

The Plaintiff's response includes his own "statement of undisputed facts." In many cases, however, the facts asserted differ from those in the Defendants' memorandum in support of the motion. The Plaintiff's statement of facts is therefore obviously not "undisputed." Where his version differs from that offered by the Defendants, it will be sufficient to constitute a denial for purposes of this motion, despite the Plaintiff's failure to expressly deny the Defendants' version of the facts. However, those facts that the Plaintiff did not controvert will be deemed established for the purpose of this motion. FED. R. CIV. P. 56(e); D.N.M. LR-Civ. 56-1(b) (1999).

### III.  Undisputed Facts

For the purposes of the present motion, the following facts will be considered established.

1. The Plaintiff began working for the New Mexico Highway and Transportation Department in March, 1988.

2. The Plaintiff worked as a "Highway Maintainer I" on the "Grants patrol" for 18 to 24 months.

3. The Plaintiff was then promoted to "Maintainer II" and served in that position for about three years.

4. The Plaintiff was promoted to "Maintainer III" for the Department's trucking crew, which is not part of the Grants patrol.

5. The Plaintiff suffered a back injury while on the trucking crew and was forced to move to another position.

6. The Plaintiff eventually returned to the Grants patrol.

7. The Plaintiff claims that the Grants patrol supervisor, Defendant Benedict Chavez, opposed his return.

8.  The Plaintiff believes that his relationship with Defendant Chavez was strained because the Plaintiff testified in a 1993 discrimination suit against Defendant Chavez and was interviewed in connection with another suit.

9.  Racial tension existed between the Plaintiff and Defendant Chavez because the Plaintiff's grandfather, an Hispanic State Police officer, was murdered on the Acoma Pueblo. The Plaintiff is Hispanic and Defendant Chavez is Native American.

10. The Plaintiff claims that Defendant Chavez made reference to the murder in the Plaintiff's presence nine years ago.

11. On January 15, 2002, Defendant Martinez, a co-worker of the Plaintiff, reported to Defendant Chavez that the Plaintiff had threatened to bring a gun to work and "blow (Chavez's) mind."

12. Defendant Chavez reported the threat to Assistant District Engineer Thomas Kratochvil.

13. Kratochvil consulted Lenore Barros, Highway and Transportation Department human resources director, and Fernando Trujillo, another assistant district engineer, about the alleged threat.

14. The New Mexico State Police were summoned to the scene.

15. The Highway and Transportation Department's policy on workplace violence states that the police should be called for assistance when necessary.

16. Defendants Kratochvil and Chavez, Trujillo, and a New Mexico State Police officer went to the site at which the Plaintiff was working and asked him to leave.

17. The Plaintiff, though not under arrest, left the scene with the State Police officer in the latter's patrol car.

18. The Plaintiff was placed on administrative leave with pay.

19.     Todd Wilson of the Risk Management Bureau of the Highway and Transportation Department conducted a Workplace Violence Investigation following the incident, during which he interviewed the Plaintiff and Defendants Chavez and Martinez.

20.     Defendant Martinez told Wilson that the Plaintiff said, "maybe I'll just bring a gun and blow (Chavez's) mind."

21.     Defendant Martinez told Wilson that he did not report the incident earlier because he thought the situation had been resolved, but decided to report it on January 15, 2002, because the Plaintiff had become agitated during a staff meeting and accused Defendant Martinez of stealing from his church.

22.     The Plaintiff has denied ever threatening Defendant Chavez.

23.     Wilson concluded that Defendant Martinez most likely fabricated the story about the Plaintiff threatening Defendant Chavez.

24.     The Plaintiff saw a psychologist, who determined that he was not a threat and could return to work.

25.     The Plaintiff returned to work in the Grants patrol within 30 days of the incident at the same salary, in the same position, and without losing any pay.

26.     Defendant Martinez had been transferred out of the Grants patrol when the Plaintiff returned to work, but Defendant Chavez remained.

27.     The Highway and Transportation Department held frequent meetings to monitor the relationship between the Plaintiff and Defendant Chavez after the Plaintiff returned to work.

28.     While written documentation indicated that the relationship between the Plaintiff and Defendant Chavez was improving, the Plaintiff claims that he only said their relationship was improving in order to keep his job.

29.     On May 20, 2002, the Plaintiff filed an EEOC complaint in which he claimed that he had been disciplined for pretextual allegations made by a supervisor and coworker, that he had been harassed, ridiculed and humiliated by the supervisor because of his national origin, and that he had been suspended for approximately 30 days and required to attend counseling to retain his position.  The latest date of discrimination in the Plaintiff's EEOC complaint is January 19, 2002.

30.     Defendant Chavez eventually transferred to another position in the Highway and Transportation Department outside the Grants patrol.

31.     The Plaintiff applied to be the supervisor of the Grants patrol.

32.     The Highway and Transportation Department formed a committee to select the most qualified applicant for the position.

33.     The Highway and Transportation Department hired Jimmie Bridges for the position.

34.     The Plaintiff claims that the Highway and Transportation Department did not promote him to Grants patrol supervisor as retaliation for filing his EEOC complint.

35.     After becoming Grants patrol supervisor, Bridges reprimanded the Plaintiff in writing.

36.     The Plaintiff filed a second EEOC complaint against Bridges, which he eventually dropped.

37.     On September 16, 2002, the EEOC issued an Order of Nondetermination dismissing the Plaintiff's first complaint.

### IV. 42 U.S.C. § 1981

The Defendants have moved for summary judgment under the assumption that the Plaintiff has stated claims for relief pursuant to both Title VII and 42 U.S.C. § 1981.  The Plaintiff's complaint, however, makes reference to § 1981 only once: "Wherefore, Plaintiff prays this Court find...that

Petitioner was a member of a protected class for purposes of 42 U.S.C. § 1981." Notice of Removal (Docket No. 1), Ex. A. Such reference alone does not state a claim upon which relief can be granted.

Count I of the Plaintiff's complaint explicitly seeks relief for discrimination on the basis of national origin pursuant to Title VII, not § 1981. *Id.* Count II is substantively meaningless. It fails to allege a cognizable cause of action. *Id.* Count III alleges "gross negligence, intentional infliction of emotional injuries," *id.*, both state law tort claims. The Court finds that the Plaintiff has failed to plead a claim pursuant to 42 U.S.C. § 1981.

### V.  Failure to Promote

The Plaintiff alleges that his failure to receive the promotion to Grants patrol supervisor was discriminatory. While it is unclear from the record when Bridges received this promotion, the interviews for the position did not take place until October 31-November 5, 2002. Defs.' Reply to Mot. for Summ. J. (Docket No. 21), Ex. 8. The Plaintiff made his charge of discrimination to the New Mexico Human Rights Division on May 20, 2002. Defs.' Mot. for Summ. J. (Docket No. 14), Ex. 15. It alleges that he was "disciplined on pretextual allegations," "harassed, ridiculed, humiliated [sic] ...based on my national origin, Hispanic," and "discriminated against because of my national origin, Hispanic." *Id.* It obviously makes no mention of being passed over for promotion, because Bridges had not yet been promoted.

"Aggrieved persons who believe they have been discriminated against on the basis of... national origin...must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter. An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. 1614.105(a)(1). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).

The Plaintiff failed to consult an EEOC Counselor regarding his failure to promote claim. Because he failed to exhaust his administrative remedies with regard to this claim, the Court lacks jurisdiction to consider it. *Id.* It will therefore be dismissed.

## VI.  Retaliation

The Plaintiff's response to the Defendants' motion for summary judgment asserts that he was retaliated against for participating in protected activities, namely testifying in other discrimination suits and filing his own EEOC complaint. Pl.'s Resp. to Defs.' Mot. for Summ. J. (Docket No. 17) at 3, 10, 11, 12. However, his complaint includes no such allegations. It mentions neither "retaliation" nor participation in protected activities. Notice of Removal (Docket No. 1), Ex. A. The same is true of the Plaintiff's EEOC Charge of Discrimination. Defs.' Mot. for Summ. J. (Docket No. 14), Ex. 15. The Court therefore finds that the Plaintiff has failed to properly plead a retaliation cause of action. *Elliott Indus. Ltd. P'ship v. BP America Prod. Co*, 2005 WL 1097323, at *21 (10th Cir. May 10, 2005). Moreover, even had he done so, this Court would lack subject matter jurisdiction over the claim, because the Plaintiff did not include it in the Charge of Discrimination and has therefore failed to exhaust his administrative remedies. *Jones v. Runyon*, 91 F.3d at 1399.

## VII.  Hostile Work Environment

"To survive summary judgment on a racially hostile work environment claim, a plaintiff must show that under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus. A plaintiff cannot meet this burden by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs. Instead, there must be a steady barrage of opprobrious racial comments." *Chavez v. New Mexico*, ___ F.3d ___, 2005 U.S. App. LEXIS 1656, *9 (10th Cir. 2005) (internal quotation marks and citations omitted).

In *Chavez*, the Court of Appeals found that the two explicitly racial insults fell short of the "steady barrage" necessary to make out a *prima facie* case of a hostile work environment. *Id.* at *9-*10. *McCowan v. All Star Maint., Inc.*, 273 F.3d 917, 923-25 (10th Cir. 2001), on the other hand, provides a telling example of a plaintiff's proof that survived summary judgment.

In this case, like *Chavez*, the Plaintiff has failed to establish that "the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment." *Chavez*, 2005 U.S. App. LEXIS 1656, *9-*10. The Plaintiff has not produced evidence of a single overtly racial or ethnic statement, remark, or epithet. Indeed, the only statement that the Plaintiff even alleges to have been racially motivated was Defendant Chavez's cryptic comment regarding the Plaintiff's grandfather. Pl.'s Resp. to Defs.' Mot. for Summ. J. at 15. However, the Plaintiff has offered only speculation as to Defendant Chavez's motive for making the statement. In response to the Defendants' suggestion of the absence of a triable issue of fact, that is plainly insufficient. FED. R. CIV. P. 56(e).

If even racial slurs are insufficient to overcome the summary judgment burden when they are too few in number, *Chavez*, 2005 U.S. App. LEXIS 1656, *9-*10, a single statement for which the non-moving party provides no evidence of racial enmity whatsoever certainly is as well. The Court therefore finds that there exists no genuine issue of material fact as to the Plaintiff's hostile work environment claim, and that the Defendants are entitled to judgment as a matter of law. The motion will be granted.

## VIII.  Disparate Discipline

The Plaintiff has alleged that he was disciplined in a discriminatory or retaliatory fashion by both Defendants Chavez and Kratochvil. He claims that these Defendants' reaction to the January 15, 2002, incident was out of proportion to what was deserved because of the Plaintiff's Hispanic origin and in retaliation for his participation in protected activities. "A prima facie case of disparate discipline may be established if Plaintiff proves that (1) Plaintiff is a member of a protected class; (2) Plaintiff was

disciplined by Defendant; and (3) Defendant imposed the discipline under circumstances giving rise to an inference of discrimination." *Duran v. N.M. Dep't of Labor*, 143 F. Supp. 2d 1278, 1288 (D.N.M. 2001), *citing Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir. 2000).

The Plaintiff indisputably meets the first element; as a Hispanic, he is a member of a protected class. The Court finds that the second element has been met as well. In response to the January 15, 2002, incident, the New Mexico State Police responded to the Plaintiff's work site and escorted him from the scene. The Plaintiff was placed on administrative leave for 30 days and was required to see a psychologist. Although his suspension was with pay and he returned to work in the Grants patrol within 30 days of the incident at the same salary and in the same position, that the Plaintiff was disciplined is undisputed for the purposes of this motion.

All that remains in order for the Plaintiff to make out a *prima facie* case for disparate discipline is for him to show that the "Defendant imposed the discipline under circumstances giving rise to an inference of discrimination." *Duran*, 143 F. Supp. 2d at 1288. The Court finds that the Plaintiff has failed to meet this element, and therefore failed to establish a *prima facie* case.

For the purposes of this motion, the following facts have been established: that Defendant Martinez reported to Defendant Chavez that the Plaintiff had threatened to bring a gun to work and "blow (Chavez's) mind;" that Defendant Chavez reported the threat to Assistant District Engineer Thomas Kratochvil; that Kratochvil consulted Lenore Barros, Highway and Transportation Department human resources director, and Fernando Trujillo, another assistant district engineer; and that the New Mexico State Police were summoned to the scene in accordance with the Highway and Transportation Department's policy on workplace violence. Far from establishing that the discipline was imposed under circumstances giving rise to an inference of discrimination, these facts, undisputed by the Plaintiff, indicate that the discipline was, if anything, restrained and justified by the Department's policy.

The facts are that Defendant Kratochvil was told that the Plaintiff had threatened Defendant Chavez's life and Defendant Kratochvil responded to the situation according to the Department's policy. Whether the allegation was true is a question on which the Court need not pass judgment in order to decide the present motion. The Plaintiff did not deny the facts related above, and has only speculated as to Defendant Martinez's motive for fabricating the allegation. The Defendants suggested the absence of a triable issue of fact, and the Plaintiff offered in response only his denial and conjecture as to the Defendants' motives. That is insufficient. FED. R. CIV. P. 56(e). The Court finds that there is no genuine issue of material fact as to the Plaintiff's disparate discipline claim, and that the Defendants are entitled to judgment as a matter of law. The motion will therefore be granted.

### IX.  State Law Claims

Count III of the Plaintiff's complaint, entitled "Gross Negligence, Intentional Infliction of Emotional Injuries," includes only the following allegations: "Defendat's [sic] had a duty to exercise reasonable care in their administration of the New Mexico State Highway and Transportation Department" and "The acts and omissions and the acts of employees constituted recklessness, negligence and gross negligence against Petitioner."

The title of Count III implies that the Plaintiff sought to plead a claim for intentional infliction of emotional distress. However, the complaint itself entirely failed to plead such a claim. On the other hand, it does contain allegations of negligence, gross negligence, and recklessness. However, the State of New Mexico has not waived its sovereign immunity for those torts. *See* N.M. Stat. Ann. §§ 41-4-4 through 41-4-12 (Michie). Assuming that the Defendants indeed had a duty to the Plaintiff in the administration of the Department, a dubious proposition at best, each of the Defendants are immune from liability for injuries caused by a breach of that duty. N.M. Stat. Ann. § 41-4-4 (Michie). The Defendants will therefore be granted summary judgment on these claims.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's failure to promote claim is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **granted**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**